IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID J. CASSIDY,** : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 09-0028 |
| : | |
| **MICHAEL ASTRUE, Commissioner of** : | |
| the Social Security Administration, : | |
| Defendant. : | |

# O R D E R

**AND NOW,** this 7th day of April, 2010, after careful review and independent consideration of Plaintiff's Complaint, Plaintiff's Statement of Issues in Support of Request for review, Defendant's Answer, Defendant's Response to Request for Review, and the administrative record, and upon review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, and noting that no objections have been filed, it is hereby **ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED IN PART**:

1. It is **APPROVED** and **ADOPTED** as it relates to the ALJ's assessment of Plaintiff's residual functional capacity and ability to perform past relevant work, for the reasons provide therein;

2. It is **NOT APPROVED** insofar as it relates to the ALJ's finding that Plaintiff's mental impairments were not severe at Step Two of the sequential evaluation.[1]

---

[1] Under the Social Security Act, a claimant is disabled if he or she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A)(2004); 20 C.F.R. §404.1505(a). Under the regulations, a five step sequential evaluation is utilized to evaluate disability claims. The five steps are as follows: 1) the claimant must establish that he is not currently engaged in substantial gainful activity;

It is further **ORDERED** that the final decision of the Commissioner of Social Security, which denied benefits to the Plaintiff, is **REVERSED**, as it is unsupported by substantial evidence, and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order and Judge Sitarski's Report and Recommendation.[2] Upon remand, the ALJ shall:

(a) reassess the severity of Plaintiff's mental health impairments at Step Two;

(b) re-evaluate Plaintiff's residual functional capacity considering all exertional[3] and non-exertional limitations, regardless of whether Plaintiff's mental health impairments are found to be "severe" at Step Two; and

(c) reassess whether Plaintiff can perform his past work, in light of both physical and mental limitations.

The Clerk of Court is **DIRECTED** to mark this case **CLOSED.**

---

2) the claimant must establish that he suffers from a severe impairment; 3) if the claimant demonstrates that his disability meets or equals an impairment listed in 20 CFR Pt. 404, Subpt. P, App. 1, he is considered *per se* disabled and entitled to disability insurance benefits, which ends the evaluation process; 4) if the claimant does not satisfy step three, he bears the burden of establishing that he does not have sufficient residual functional capacity to perform his past relevant work; and 5) if he does so, the burden shifts to the Commissioner to show that the claimant has the residual functional capacity to perform other work that exists in substantial numbers in the national economy. Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002); 20 C.F.R. § 404.1520.

    The Court's review of the ALJ's finding is limited to determining whether the ALJ applied the correct legal standards and whether the record contains substantial evidence to support the ALJ's findings of fact. Schwartz v. Halter, 134 F.Supp.2d 640, 647 (E.D.Pa. 2001).

    A Step Two inquiry into whether a condition is "severe" is "a *de minimus* screening device to dispose of groundless claims," Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). Reasonable doubts about severity must be resolved in favor of the claimant. Id. at 547. In this case, the ALJ's finding that Plaintiff's mental health condition was not severe at Step Two was not supported by substantial evidence. The Court notes that Plaintiff's physician has diagnosed him with anxiety disorders and treated him with daily medication, Plaintiff has been evaluated by non-treating professionals and diagnosed with generalized anxiety disorder, and Plaintiff has documented symptoms of anxiety, including sleep disturbances, panic attacks, obsessions and compulsions, and difficulties with concentration, persistence and pace. In addition, the ALJ acknowledged seeing Plaintiff's high level of anxiety demonstrated at the hearing (R. 383, 402-403). It also appears that the ALJ applied the wrong legal standard when he determined that Plaintiff's mental health problems were not severe at Step Two, as the opinion conflates the very different inquiries required at Step Two and Step Three of the sequential evaluation process.

[2] 42 U.S.C. § 405(g)(2008).

[3] The Court notes that in determining Plaintiff's residual functional capacity, the ALJ relied heavily upon medical records that were very dated, despite the existence of more recent medical records, without sufficient justification.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**